**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHERYL A. CUMMINS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 10-450 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

  Sheryl A. Cummins ("Cummins") filed this action on April 1, 2010. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on April 20 and May 12, 2010. (Dkt. Nos. 8, 9.) On December 2, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

  Having reviewed the entire file, the Court remands this matter to the Commissioner for proceedings consistent with this Opinion.

///

///

///

///

**I.**

## PROCEDURAL BACKGROUND

On November 6, 2006, Cummins filed an application for disability insurance benefits alleging an onset date of October 21, 2005. Administrative Record ("AR") 110-12. The application was denied initially and upon reconsideration. AR 67-78. Cummins requested a hearing before an Administrative Law Judge ("ALJ"). AR 80. On September 23, 2008, the ALJ conducted a hearing at which Cummins and a vocational expert testified. AR 44-63. On November 4, 2008, the ALJ issued a decision denying benefits. AR 16-28. On February 18, 2010, the Appeals Council denied the request for review. AR 1-5. This action followed.

**II.**

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada,* 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///
///
///

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found that Cummins has the following severe impairments: "seizure disorder and status post rotator cuff repair." AR 21. Cummins has the residual functional capacity ("RFC") to perform a limited range of light exertion with the following limitations: she can lift and carry 20 pounds occasionally and 10 pounds frequently with the right upper extremity; she can lift the same amount of weight only occasionally with the left upper extremity; she can stand/walk for four hours out of eight; she can sit without restriction; she cannot work at unprotected heights or with dangerous machinery; she cannot perform fast paced work such as work on a conveyor belt or piece work; and she cannot perform strenuous pushing and pulling with the left upper extremity. AR 21-22. Cummins could perform her past relevant work as a receptionist as it was actually and generally performed. AR 26.

## C. Consideration of Treating Physicians' Opinions

Cummins' contends that the ALJ failed to properly consider treating physician Dr. Gallegos' opinion. JS 4-9.

The ALJ's decision is dated November 4, 2008. AR 16. Dr. Gallegos' letter and records are contained in Exhibit 13F, which contains a transmittal letter dated August 14, 2008. AR 304. Dr. Gallegos' letter is dated August 7, 2008 and

his records cover the period February 28-August 4, 2008. AR 309-20. However, the ALJ's discussion of treating records ends in 2007. AR 23-26. Nowhere does the ALJ mention or address Exhibit 13F or Dr. Gallegos' findings. It is unclear whether the ALJ received the records or inadvertently overlooked them.

The Appeals Council's order indicates it received Exhibit 13F. AR 5. However, the Appeals Council order does not reflect receipt of counsel's letter dated July 7, 2009, which encloses an additional treating record dated March 9, 2009, from Loma Linda University Medical Center. AR 8-9.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue,* 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a treating physician, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn,* 495 F.3d at 632 (citations and quotation marks omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart,* 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

The Commissioner proffers reasons why Dr. Gallegos' opinions may be discounted or rejected. These reasons may not be considered. *See Orn*, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts [and i]t was error for the district

court to affirm the ALJ's . . . decision based on evidence that the ALJ did not discuss.").

On remand, the Commissioner should consider Dr. Gallegos' letter and treating records and, if appropriate, the subsequent treating records submitted to the Appeals Council.

## IV.
## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is remanded for proceedings consistent with this Opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 4, 2011

ALICIA G. ROSENBERG
United States Magistrate Judge